WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-21-01118-001-TUC-JCH (JR) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Duane Lee Johnson, | |
| Defendant. | |

In this case, Defendant Duane Lee Johnsen seeks to dismiss his indictment for possession, knowing access, and receipt of child pornography. *See* Docs. 71, 82. The case was referred to Magistrate Judge Jacqueline Rateau, who issued a report and recommendation ("R&R") that the Court deny Defendant's Motion to Dismiss. Doc. 94. The R&R is fully briefed. *See* Docs. 95, 109.

**I.    Legal Standard**

A district court reviews objected-to portions of an R&R de novo. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

**II.   Analysis**

In the underlying Motion, Defendant seeks "to Dismiss the Indictment for [(1)] Pre-indictment Delay and [(2)] selective prosecution." Doc. 82 at 1. Defendant objects to aspects of the R&R's reasoning and disposition of Defendant's pre-indictment delay claim, but not the selective prosecution claim. *See generally* Doc. 95. Defendant also objects that

Judge Rateau relied on the Government's Statement of Facts to present the background of the case. Doc. 95 at 1. Defendant does not object to any specific facts. *See generally id.* Judge Rateau's use of the Government's statement of facts was proper. As the R&R explains, Defendant failed to reply to the Government's Response and Statement of Facts. Doc. 94 at 1. That is why the R&R subsequently noted, for example, that "Defendant has not challenged the Government's allegation." Doc. 94 at 3 n. 3. The Court is not obliged to reject a party's facts and statements when the opposing party appears to accept them.

The Court addresses Defendant's arguments in turn.

### A. Pre-Indictment Delay

To establish a due process violation from preindictment delay, a defendant must show (1) "actual, non-speculative prejudice from the delay" and (2) that the delay, when viewed against the reasons causing it, "offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005). The "mere passage of time does not give rise to a per se constitutional violation." *United States v. Doe*, 642 F.2d 1206, 1208 (9th Cir. 1981); *see also United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (seven-year delay not prejudicial); *United States v. Doe*, 149 F.3d 945, 948 (9th Cir. 1998) (four-year delay not prejudicial).

Here, Defendant complains of a 2.5-year delay. On December 10, 2018, federal agents served a search warrant on Defendant and seized his computers and associated devices. Doc. 82 at 2. On May 19, 2021, the Government filed an indictment and executed an arrest warrant for Defendant. *Id.*

#### i. Defendant has not shown he was prejudiced by the delay.

The burden to establish prejudicial delay is heavy because "the statute of limitations, not the due process clause, is generally the protection against preindictment delay." *United States v. Martinez*, 77 F.3d 332, 335 (9th Cir. 1996) (citation omitted).

Defendant first argues the Government's delay prejudiced him because he was not permitted to have a representative present "at any subsequent searches of his computer

equipment." Doc. 82 at 3, 4; Doc. 95 at 2. Defendant cites no authority to support his argument, and the Court finds it unpersuasive.

Defendant next argues the Government's delay prejudiced him because it prevented him from (1) tracking the IP addresses of other peer-to-peer file sharing users, (2) obtaining surveillance camera footage, and (3) identifying the prior owners of devices he acquired through his church. Doc. 82 at 4–5. First, the eMule file-sharing technology, not the Government's delay, prevented Defendant from tracking other users. *See* Doc. 93 at 64–65, 75–76. Second, any harm to Defendant from the destruction of his security camera is mitigated by the fact that the security footage recorded locally to Defendant's computers, which have been available for Defendant's review in the same condition as when they were seized. Doc. 93 at 55–56. Finally, the fact that donations to Defendant's church are anonymous, not the Government's delay, prevented Defendant from identifying "who provided computers and hard drives to him." Doc. 82 at 5.

Defendant objects that the R&R did not adequately "address the Defendant's issue regarding the Government's filing of an extension to keep the case under seal for 6 additional months." Doc. 95 at 2. In potentially related sentences, he states that he was prejudiced because the search warrant was never returned to the Court, and that he has not had non-evidentiary property returned. *See* Doc. 95 at 2. In the underlying Motion, Defendant stated that the Government "was aware of the need to file charges within a reasonable time frame through its request to seal [the search warrant and associated materials for six months]." *See* Doc. 82 at 2, 4, 5. To the extent Defendant argues the Government's request to seal concedes something about the subsequent delay, he is mistaken. To the extent Defendant argues he was prejudiced by not seeing the search warrant or receiving back non-evidentiary files, Defendant is unpersuasive. Defendant's ability to "live and run … his business interests because the Government had taken all his computers including computers which had no evidentiary value and then kept them for years[,]" Doc. 95 at 2, has no bearing on his due process rights. *See, e.g.*, *United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005) (prejudice is relative to a defendant's legal

defense).

Defendant next objects that the Government failed to prove Defendant possessed files containing child pornography "as opposed to his computer search algorithm." Doc. 95 at 2. In Defendant's view, the location of the files—whether in active files, deleted files, or temporary file caches—changes whether "the indictment correctly stated that the Defendant was actually aware of the files on his computer[.]" Doc. 95 at 3. Similarly, Defendant objects to a perceived judicial failure to ensure the search warrant execution did not capture non-evidentiary items like business and personal records. Doc. 95 at 2. Defendant's objections are irrelevant to whether the Government's 2.5-year delay prejudiced Defendant's ability to defend himself.

### ii. Defendant has not shown the delay was unreasonable.

Defendant does not object to the R&R's finding that the Government's delay was reasonable. *See generally* Doc. 95. Defendant has thus waived a right to de novo review. Even so, the Court has reviewed the record and briefing de novo and agrees with the R&R's finding. In the underlying Motion, Defendant argues without citing to authority that, having made a prima facie case for actual prejudice, the Government bears the burden to show why the prejudice is outweighed by the reasons for the delay. Doc. 82 at 5. Defendant is mistaken. *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) ("[Defendant] must show that the delay offends … fundamental conceptions of justice[.]").

Even setting aside Defendant's failure to carry his burden, the Court finds that the Government's delay was reasonable because the case involves forensic examination of 7 computers, 3 laptops, 25 hard drives, 13 USB thumb drives, 52 DVDs, and numerous other digital storage devices. *See* Doc. 86 at 3. The Government's delay is also partly attributable to the COVID-19 pandemic, which began in early 2020. Considering these and all other circumstances, the Government's delay does not offend fundamental conceptions of justice.

### B. Selective Prosecution

Defendant does not object to the R&R's reasoning or disposition of Defendant's selective prosecution claim. *See generally* Doc. 95. Defendant has thus waived a right to

de novo review. Even so, the Court has reviewed the record and briefing de novo and agrees with the R&R's recommendation to deny Defendant's selective prosecution claim.

The decision to prosecute "may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification." *United States v. Arenas-Ortiz*, 339 F.3d 1066, 1068 (9th Cir. 2003) (citation omitted). To show selective prosecution, a defendant must prove (1) the prosecutorial policy had a discriminatory effect and (2) it was motivated by a discriminatory purpose. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Defendant's claim fails because he has not shown that he is a member of a protected class, has not identified similarly situated individuals in a different protected class who were not prosecuted, and provides no evidence that his prosecution was impermissibly motivated. The Government investigated Defendant because it concluded that he was using a file-sharing program to obtain and share child sex abuse material. His prosecution was therefore not discriminatory or motivated by a discriminatory purpose.

For those reasons, and after de novo review, the Court agrees with the R&R and adopts it in full.

### C. Order

Accordingly,

**IT IS ORDERED ADOPTING IN FULL** the R&R (Doc. 94).

**IT IS FURTHER ORDERED DENYING** Defendant's Motion to Dismiss Indictment (Doc. 82).

Dated this 21st day of August, 2023.

John C. Hinderaker
United States District Judge