**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Duane Lee Johnson,<br><br>　　　　　Defendant. | No. CR-21-01118-001-TUC-JCH (JR)<br><br>**ORDER** |

In this case, Defendant Johnsen seeks to suppress evidence related to his indictment for possession, knowing access, and receipt of child pornography. *See* Docs. 71, 83. The case was referred to Magistrate Judge Jacqueline Rateau, who issued a report and recommendation ("R&R") that the Court deny Defendant's Motion to Suppress. Doc. 96. The R&R is fully briefed. *See* Docs. 101, 105.

**I.	Legal Standard**

A district court reviews objected-to portions of an R&R de novo. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

**II.	Analysis**

Defendant objects to the R&R's reasoning and disposition, *see generally* Doc. 101, so the Court must review them de novo. Defendant also objects that Judge Rateau relied on the Government's Statement of Facts to present the background of the case. Doc. 101 at 1. Defendant does not object to any specific facts. *See generally id.* Judge Rateau's use of

the Government's statement of facts was proper. As the R&R explains, Defendant failed to reply to the Government's Response and Statement of Facts. Doc. 96 at 1. That is why the R&R subsequently noted, for example, that "Defendant has not challenged the Government's allegation." Doc. 96 at 3 n. 3. The Court is not obliged to reject a party's facts and statements when the opposing party appears to accept them.

In the underlying Motion, Defendant seeks "to suppress evidence collected pursuant to an invalid search warrant … as the search warrant was obtained in violation of his Fourth Amendment rights and the service of said warrant violated his Fourth and Fifth Amendment rights." Doc. 81 at 1. The Court addresses Defendant's arguments in turn.

### a.  "Pre-search" of Defendant's computer

Defendant argues the Government conducted an illegal "pre-search" of his computer by using "propriety software to investigate and interrogate [Defendant's] computer." Doc. 83 at 5. Defendant asserts that the Government was required to obtain a search warrant for this "pre-search." *Id.*

The Government's "pre-search" of Defendant's computer was lawful because Defendant had no reasonable expectation of privacy in files shared publicly through the eMule program. *See United States v. Ganoe*, 538 F.3d 1117, 1127 (9th Cir. 2007); *see also United States v. Dreyer*, 804 F.3d 1266, 1278 (9th Cir. 2015) ("[A]ccessing files made available through file-sharing software does not constitute a search."). The files at issue were stored in a shared folder set up to receive and send files. Doc. 83 at 2–3. The Government was entitled to view these files without a warrant just like anyone else on the eMule network.

Defendant objects to the R&R on the basis that the Government's "pre-search" did not involve downloading shared files but rather observing digital hash values[1] and

---

[1] A hash value is "a value generated after data has been subjected to a cryptographic mathematical algorithm … is akin to a digital fingerprint in that dissimilar data will not produce the same hash value after being subjected to the same hard algorithm. Therefore, a hash value is particular to the data from which the hash value was generated. Known hash values can be used to search for identical data stored on various digital devices and/or media as identical data will have the same hash value." (Doc. 85-1 at 23-24, ¶C(9)(q)).

1  concluding they indicated illegal files. Doc. 101 at 1–3. Defendant concludes that the
2  affidavit underlying the Government's search warrant was defective because it did not
3  explain how the shared files were not downloadable. Doc. 101 at 1. Defendant also objects
4  to the R&R on the basis that the agent requesting the warrant, Agent Nichols, "did not
5  address how he was able to find files of interest when he was unable to access the files
6  themselves." Doc. 101 at 3–4.

7        Defendant's objections are unpersuasive because Agent Nichols's affidavit
8  underlying the search warrant described the government's efforts to download the files in
9  Defendant's shared folder, the technical issues involved, and the assumptions the
10 Government made. *See* Doc. 96 at 8–9; Doc. 85-1 at 40–41. Defendant's objections are also
11 unpersuasive because "hash value comparison allows law enforcement to identify child
12 pornography with almost absolute certainty, since hash values are specific to the makeup
13 of a particular image's data." *United States v. Reddick*, 900 F.3d 636, 639 (5th Cir. 2018).

14       **b. Failure to disclose material information**

15       Defendant argues Agent Nichols failed to tell the Court that child sex material was
16 a small portion of the total number and size of files being downloaded. Doc. 83 at 6.
17 Defendant further argues Defendant deserves a *Franks* hearing because Agent Nichols
18 should have disclosed that child sex abuse material was among terabytes of noncontraband
19 material. Doc. 83 at 1, 12. A search warrant affidavit is presumed valid until a defendant
20 makes a threshold showing that there was (1) an intentional or reckless inclusion or
21 omission of information and (2) that the information was material. *See Franks v. Delaware*,
22 438 U.S. 154, 171 (1978). Evidence obtained through a search warrant is excludable if "a
23 false statement made knowingly and intentionally, or with reckless disregard for the truth,
24 was included by the affiant in the warrant affidavit, and if the allegedly false statement is
25 necessary to the finding of probable cause." *Id.* at 155–56. The burden to show that a false
26 statement or omission is material to a probable cause finding is on the defendant. *See*
27 *United States v. Chavez- Miranda*, 306 F.3d 973, 979 (9th Cir. 2002).

28       The proportion of child sex material to the rest of the files on Defendant's computer

is irrelevant to the issue of whether probable cause existed to search Defendant's computer. Probable cause was supported by sufficiently detailed information connecting files depicting child sex abuse material to Defendant's computer. Defendant identifies nothing to the contrary and otherwise fails to carry his burden. He is therefore not entitled to a *Franks* hearing.

### c. Violation of the Federal Wiretap Act

Defendant argues the Government failed to obtain a written certification required under the Federal Wiretap Act, 18 U.S.C. § 2511. Doc. 83 at 9. The Act requires a written certification "to intercept electronic communications." 18 U.S.C. §§ 2511(1)(a), (2)(ii)(B).

The Government was not required to obtain written certification under the Wiretap Act because the Government did not "intercept" electronic communications from Defendant. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (to intercept means "to stop, seize, or interrupt in progress or course before arrival," and interception involves acquisition "during transmission, not while … in electronic storage"). The Government also was not required to obtain written certification under the Wiretap Act because Defendant had no reasonable expectation of privacy in the files shared publicly through the eMule program. *See Ganoe*, 538 F.3d at 1127; *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 211 n. 8 (5th Cir. 2001).

### d. Execution of the warrant

Defendant argues the warrant was unreasonably executed because the Government destroyed a sliding glass door and Defendant's security cameras (depriving him of obtaining evidence the warrant was unreasonably executed). Doc. 83 at 4, 11; Doc. 101 at 5–6. The test of effective warrant execution is "reasonableness." *San Jose Charter of Hells Angels Motorcycle Club v. Cty. of San Jose*, 402 F.3d 962, 971 (9th Cir. 2005).

The warrant's execution was reasonable for several reasons. First, the warrant was executed on or after 6:00AM. Only Defendant's own testimony suggests the warrant was served before 6:00AM, and Defendant acknowledged on cross-examination that his memory was unreliable. Doc. 93 at 71. Defendant's own motion said agents arrived at or

around 6:05AM, and ancillary evidence supports some time after 6:00AM. *See* Doc. 83 at 4; Doc. 93 at 24, 42, 70–72. Second, agents broke Defendant's sliding glass door because Defendant's father was blocking the main entrance. Doc. 93 at 47–48. Third, agents breaking a security camera while executing a search is not unreasonable. *See, e.g.*, *Liston v. Cnty. of Riverside*, 120 F.3d 965, 979 (9th Cir. 1997) ("ransacking" home, dumping out garbage and removing items from drawers and closets not unreasonable); *United States v. Becker*, 929 F.2d 442, 446 (9th Cir. 1991) (jackhammering concrete slabs not unreasonable).[2] Any harm to Defendant is mitigated by the fact that the security footage recorded locally to Defendant's computers, which have been available for Defendant's review in the same condition as when they were seized. Doc. 93 at 55–56.

Finally, Defendant urges that his representative should be present during the forensic search of his computers. Doc. 83 at 11–12; Doc. 101 at 5–6 (citing *United States v. Ramos–Saenz*, 36 F.3d 59 (9th Cir. 1994)). *Ramos-Saenz* does not support Defendant's argument because it concerned a routine border search, not a forensic search. *See* 36 F.3d at 61. Defendant cites no other authority to support his argument, and the Court finds it unpersuasive.

For those reasons, and after de novo review, the Court agrees with the R&R and adopts it in full.

**III.    Order**

Accordingly,

**IT IS ORDERED ADOPTING IN FULL** the R&R (Doc. 96).

///

///

///

---

[2] The parties do not mention it, but the Court notes there are sometimes good reasons why government agents might destroy security cameras while executing a warrant. *See, e.g.*, *FBI Shooting Deaths Show Risk Home Surveillance Cameras Pose to Police*, CBS MIAMI (Feb. 5, 2021, 1:01 PM), https://www.cbsnews.com/miami/news/fbi-shooting-deaths-risk-home- surveillance-cameras-police/.

**IT IS FURTHER ORDERED DENYING** Defendant's Motion to Suppress (Doc. 83).

Dated this 21th day of August, 2023.

_____
John C. Hinderaker
United States District Judge